IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JESSIE L. BOSBY,**

                Petitioner,

      v.                                CASE NO. 05-3178-SAC

**DAVID R. MCKUNE,**

                Respondent.

<u>O R D E R</u>

    This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. 2254, filed by a prisoner in the custody of the State of Kansas. Having reviewed the record, the court finds the petition is subject to being dismissed as untimely filed.

    The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The running of this one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

    In the present case, this statutory limitation period began running when petitioner's 1999 state court conviction became final in October 2001 upon expiration of the time for seeking certiorari review by the United States Supreme Court. *See* <u>Locke v. Saffle</u>, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28

U.S.C. 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed). Accordingly, absent tolling of the running of the one year limitation period, petitioner had until October 2002 to seek habeas corpus relief in the federal courts.

However, it appears petitioner filed nothing in the state or federal courts until August 5, 2003, when he filed a motion in the Wyandotte District Court for post-conviction relief under K.S.A. 60-1507. This state court action, filed after the statutory one year limitation period, had no tolling effect. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitation period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).[1]

Petitioner filed the instant petition on April 19, 2005.

On these bare facts, the court finds the petition is subject to being dismissed as time barred, absent a showing by petitioner that he is entitled to equitable tolling of the statutory limitation period.

---

[1] Although petitioner state his post-conviction motion is still pending and argues inordinate and untoward delay in the state court's resolution of his motion, this has no impact on the timeliness of the instant 2254 petition.
Additionally, to any extent petitioner seeks a writ of mandamus to direct the state courts to resolve petitioner's state post-conviction proceeding, this court has no authority to issue such a writ. *See* Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986). *See also* 28 U.S.C. 1361(U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added).

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient.  Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quotation and citations omitted).

Petitioner's allegations in the present case appear to fall far short of establishing either of these required showings.  The court thus directs petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to show cause why the petition for writ of habeas corpus under 28 U.S.C. 2254 should not be dismissed as time barred.

DATED:  This 28th day of April 2005 at Topeka, Kansas.


s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3